# EXHIBIT 23

## SUPPLEMENTAL AGREEMENT
(FCE # 7830, 890 NW 50th Street, Ft. Lauderdale, Florida 33309)

**THIS SUPPLEMENTAL AGREEMENT** (this "Supplemental Agreement") is entered into this 25th day of November 2019 (the "Effective Date") by and between **FIRST COAST ENERGY, L.L.P.**, a Colorado limited liability partnership ("First Coast"), whose address is 7014 A.C. Skinner Parkway, Suite 290, Jacksonville, Florida 32256, and **BOCA GAS COMPANY HOLDINGS 2, LLC**, a Florida limited liability company ("Dealer"), whose address is 6971 Federal Highway, Suite 102, Boca Raton, Florida 33487.

### RECITALS

**WHEREAS**, First Coast and Dealer are parties to a Purchase and Sale Agreement dated August 9, 2019 (as amended, the "Purchase and Sale Agreement"), pursuant to which Dealer has agreed to purchase from First Coast certain service station real property and related improvements located at 890 NW 50th Street, Ft. Lauderdale, Florida 33309 (the "Property"), as more particularly described in the Purchase and Sale Agreement; and

**WHEREAS**, First Coast has agreed to sell and Dealer has agreed to purchase the Property for the Purchase Price stated in the Purchase and Sale Agreement, together with other material consideration including, without limitation, Dealer's agreement to (a) enter into a Dealer Supply Agreement (the "Supply Agreement") with First Coast providing for Dealer's purchase of certain minimum quantities of branded or non-branded motor fuels from First Coast for resale at and from the Property for a term of years that will expire no earlier than November 30, 2039; and (b) enter into this Supplemental Agreement upon the terms and subject to the conditions set forth in this Supplemental Agreement;

**NOW THERFORE**, in consideration of the mutual covenants and promises set forth in this Supplemental Agreement, together with other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties stipulate and agree as follows:

1.    Dealer has purchased, or contemporaneously with or immediately following the execution of this Agreement, will purchase the Property for the Purchase Price indicated in the Purchase and Sale Agreement and for other valuable consideration as set forth above. The parties specifically agree and confirm that, upon the occurrence of either of the events set forth in paragraph 3 below, Dealer shall be liable to First Coast for a supplemental amount of money to be determined in accordance with paragraph 2 of this Agreement (the Initial Supplemental Amount, as reduced or amortized in accordance with the formula set forth in paragraph 2, below, are referred to in this Supplemental Agreement as the "Supplemental Amount").

2.    Dealer expressly acknowledges and confirms a present and existing indebtedness and obligation to First Coast in the principal amount of Nine Hundred Sixty Thousand and No/100 Dollars ($960,000) (the "Initial Supplemental Amount"). First Coast and Dealer agree that the Initial Supplemental Amount will be reduced or amortized ratably over the term of the Supply Agreement (which expires not earlier than November 30, 2039) in accordance with the formula set forth in this paragraph 2. First Coast's agreement to permit the balance of the

FCE SITE # 7830
DMHD 00263965

Supplemental Amount to be amortized over the term of the Supply Agreement is expressly contingent and conditioned upon Dealer's faithful performance of its duties under and in strict accordance with the provisions of the Supply Agreement for the full term of that agreement; and, the parties expressly acknowledge that First Coast would not agree to permit the amortization of Supplemental Amount in the absence of such a long-term commitment by Dealer.

The Initial Supplemental Amount ($960,000) shall be amortized or reduced at the rate of 1/180 of said balance (or $5,333.33) for each complete calendar month (i) during years six (6) through twenty (20) of the term of the Supply Agreement (ii) that Dealer operates the Facility in strict compliance with the terms of the Supply Agreement, so that the exact unamortized balance of the Supplemental Amount can be determined at any point during the term of the Supply Agreement by multiplying the Initial Supplemental Amount of $960,000 by a fraction, (a) the denominator of which is 180, and (b) the numerator of which is 180 reduced by the total number of complete calendar months, up to the determination point, but after the end of the fifth (5th) year of the term of the Supply Agreement, during which Dealer has operated the Facility in strict compliance with the Supply Agreement. (For example, if Dealer has operated the Facility in compliance with the Supply Agreement for a total of 72 complete calendar months, then as of that date, the unamortized balance of the Supplemental Amount can be determined by multiplying the Initial Supplemental Amount by the fraction 168/180, resulting in an unamortized balance, as of that date, of $896,000.00.) Dealer expressly acknowledges and understands that (a) Dealer shall not be entitled to receive amortization credit for or during the first five (5) full years of the term of the Supply Agreement, (b) Dealer shall not be entitled to receive amortization credit for or during any calendar month in which Dealer fails to operate the Facility in strict accordance with the Supply Agreement, and (c) Dealer shall not be entitled to receive amortization credit for any months during any contract year in which Dealer fails to sell at least the minimum annual volume of motor fuels required under the Supply Agreement.

If First Coast and Dealer so agree, the unpaid balance of the Supplemental Amount may be pre-paid by Dealer in cash; immediately upon Dealer's full payment of the unamortized balance of the Supplemental Amount (as determined in accordance with the foregoing formula), Dealer shall have no further duties or obligations under this Supplemental Agreement.

3.      Upon the occurrence of either of the following events, Dealer shall owe to First Coast, as of the date of the occurrence, the unamortized balance of the Supplemental Amount as determined in accordance with paragraph 2 of this Supplemental Agreement, which amount shall be paid in full within thirty (30) days of the date of the occurrence:

> (i)  The Facility, for any reason, ceases to operate as a branded or non-branded service station, supplied exclusively by First Coast or its legal successors or assigns, in strict accordance with the Supply Agreement; or,

> (ii)  The Supply Agreement (or any renewal of that agreement) is terminated or expires for any reason without the simultaneous execution of a renewal or substitute Dealer Supply Agreement.

FCE SITE # 7830
DMHD 00263965

If neither of the foregoing events occurs, at the conclusion of the initial term of the Dealer Supply Agreement (November 30, 2039), First Coast will determine, in accordance with the provisions of paragraph 2 of this Supplemental Agreement, the amount, if any, of the remaining balance of the Supplemental Amount. Any such balance shall be paid in full to First Coast within thirty (30) days of the conclusion of the term of the Supply Agreement.

4.    Dealer's obligation to repay amounts (whether the full amount or an amortized/ reduced amount) shall be a personal obligation of the Dealer and shall not be assignable or transferable.

5.    Dealer shall provide First Coast with security for the Supplemental Amount and Dealer's full and timely performance under this Supplemental Agreement and the Supply Agreement.

6.    The exercise or pursuit by First Coast of any right, relief or remedy under or pursuant to this Supplemental Agreement, and First Coast's right to recover the unamortized balance of the Supplemental Amount under this Supplemental Agreement, shall be cumulative to, and shall in no way affect or diminish, any rights, remedies and/or relief to which First Coast might otherwise be entitled by law or under or pursuant to any other contract, agreement or understanding between the parties. In the event of litigation arising out of or in connection with this Supplemental Agreement, the parties agree that venue shall be in the court of appropriate jurisdiction in Duval County, Florida, and Dealer hereby waives any right that he may have to bring suit or to be sued in any other county or venue.

*[balance of page intentionally left blank; signatures appear on following page]*

3

FCE SITE # 7830
DMHD 00263965

IN WITNESS WHEREOF, the parties to this Supplemental Agreement have caused it to be executed as of the Effective Date.

Signed in the presence of:

Print Name: Donna A Miller

Print Name: _____

**FIRST COAST:**

**FIRST COAST ENERGY, L.L.P.**, a Colorado limited liability partnership

By:   Its Partner, Petro Distributing Partners of Florida, L.L.C., a Delaware limited liability company

By:   _____
      Aubrey L. Edge, Manager

**DEALER**:

**BOCA GAS COMPANY HOLDINGS 2, LLC**, a Florida limited liability company

By:   _____
      Abbas Jaferi, Manager

4

IN WITNESS WHEREOF, the parties to this Supplemental Agreement have caused it to be executed as of the Effective Date.

Signed in the presence of:

**FIRST COAST:**

**FIRST COAST ENERGY, L.L.P.**, a Colorado limited liability partnership

By:   Its Partner, Petro Distributing Partners of Florida, L.L.C., a Delaware limited liability company

_____

Print Name: _____

By: _____
      Aubrey L. Edge, Manager

**DEALER**:

**BOCA GAS COMPANY HOLDINGS 2, LLC**, a Florida limited liability company

Print Name: Patricia H. Todd

By: _____
      Abbas Jaferi, Manager

4

FCE SITE # 7830
DMHD 00263965